(No. 4363-

AUSTIN POWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*
*Supplemental Opinion filed September 7, 1951.*

ROBERT J. SAUNDERS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Austin Powell, was on May 17, 1950 employed by the respondent in the Department of Public Works and Buildings, Division of Parks and

Memorials. On May 17, 1950, the claimant, in the course of his employment by the respondent, was operating a winch for the raising and lowering of a dredge suction line, which was being used to deepen the lake at Grand Marais State Park. While the claimant was so operating the winch for the drop of the suction line, it went out of control, causing the winch crank to spin around and strike the right arm of the claimant twice. These two blows to the claimant's arm caused a fracture of the proximal portion of the radius of the right arm.

Claimant was treated at St. Mary's Hospital where an X-Ray was taken, and a cast put on his right arm by Dr. Robert E. Shea. The X-Ray showed that the radius of the right arm was fractured. This fracture of the right radius healed in such a position as to cause some degree of deformity. The proximal portion of the radius healed with a slight lateral inclination, also a slight medial inclination of the distal fragments. X-Ray of the healed fracture showed excess callus to be present.

From the medical testimony of Drs. Robert E. Shea and Olin B. Boyd, as well as from the Commissioner's examination of the claimant's arm, we feel that claimant has suffered a 25% permanent loss of use of his right arm.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, transcript of the evidence, claimant's X-Ray exhibits Nos. 1, 2 and 4, and claimant's exhibit No. 3.

On the date of his accident, claimant was 46 years of age, married, and had no children under 18 years of age dependent upon him for support. His rate of pay was $1.00 per hour; and, although he had worked for respondent for less than one year, employees engaged in similar work earned in excess of $1,560.00 per year. Claimant's compensation rate would, therefore, be the maximum of $15.00 per week. The injury having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50.

For 25% permanent loss of use of his right arm, under Section 8, Paragraph (e) (13), the claimant should receive from the respondent $22.50 per week for 56¼ weeks, or the sum of $1,265.63. Although claimant was off duty seven days, he was paid his regular salary, so from the award must be deducted the sum of $56.00, making a total amount due of $1,209.63. Claimant is also entitled to be reimbursed on account of medical and hospital expenses due to Dr. Robert E. Shea in the amount of $95.00.

An award is, therefore, entered in favor of claimant, Austin Powell, in the amount of $1,304.63, all of which has accrued, and is payable forthwith.

Igatha Broach was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $23.90 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Igatha Broach in the sum of $23.90, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning

the payment of compensation awards to State employees".

SUPPLEMENTAL OPINION.

DELANEY, J.

On July 6, 1951 an award was entered by this Court in favor of claimant, Austin Powell, in the amount of $1,304.63 under the provisions of the Workmen's Compensation Act.

Subsequent thereto, respondent filed its petition for rehearing, attaching thereto as exhibit No. 1, a cancelled warrant containing the endorsement of Dr. Robert E. Shea. The warrant is numbered 690012, and is dated April 23, 1951. This payment was made to Dr. Shea as satisfaction for medical services rendered to the claimant in this matter, for which he made a charge of $95.00.

Therefore, paragraphs four and five of page two of the opinion filed herein on July 6, 1951 are hereby stricken, and, in lieu thereof, there are substituted the following two paragraphs:

For 25% permanent loss of use of his right arm under Section 8, Paragraph (e) (13), the claimant should receive from the respondent $22.50 per week for 56¼ weeks, or the sum of $1,265.63. Although claimant was off duty seven days, he was paid his regular salary, so from an award must be deducted the sum of $56.00, making an award due of $1,209.63.

An award is, therefore, entered in favor of claimant, Austin Powell, in the amount of $1,209.63.